**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 04-4011**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT ALTON HARRIS,

Defendant - Appellant.

───────────

On Remand from the Supreme Court of the United States.
(S. Ct. No. 04-7182)

───────────

Submitted: October 21, 2005          Decided: November 21, 2006

───────────

Before TRAXLER and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

───────────

Vacated and remanded by unpublished per curiam opinion.

───────────

Andrew J. Katz, THE KATZ WORKING FAMILIES' LAW FIRM, L.C.,
Charleston, West Virginia, for Appellant.  Charles T. Miller,
Acting United States Attorney, Stephanie L. Haines, Assistant
United States Attorney, Huntington, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Robert Alton Harris appeals the forty-one month sentence imposed following a guilty plea for sending a threatening communication to his now ex-wife through the United States mail, in violation of 18 U.S.C. § 876 (2000). Harris initially appealed his sentence on January 6, 2004; this court affirmed. See United States v. Harris, No. 04-4011 (4th Cir. July 30, 2004) (unpublished). The United States Supreme Court granted certiorari, vacated this court's decision, and remanded for further proceedings in light of United States v. Booker, 543 U.S. 220 (2005). The parties were directed to file supplemental briefs addressing the impact of Booker and its progeny upon the validity of Harris' sentence.

Harris now claims his sentence was imposed in violation of Booker. Because Harris raised his Booker challenge for the first time on appeal, we review for plain error. See United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). As set forth in United States v. Olano, 507 U.S. 725, 732 (1993), plain error is present if: (1) there was error; (2) it was plain; and (3) it affected the defendant's substantial rights. If these conditions are met, we may then exercise our discretion to notice the error, but only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks

and alterations omitted).  In light of <u>Booker</u>, we find plain error under <u>Olano</u> in regard to Harris' sentence.

First, Harris contends that the district court committed non-constitutional error by treating the guidelines as mandatory, rather than advisory, as <u>Booker</u> requires.  Although we held in <u>United States v. White</u>, 405 F.3d 208, 216-17 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 668 (2005), that treating the guidelines as mandatory constitutes plain error, our review of the record convinces us that there is no nonspeculative basis on which we could conclude that the district court would have sentenced Harris to a lower sentence had the court proceeded under an advisory guidelines scheme.  <u>See</u> <u>id.</u> at 225.  Thus, Harris fails to demonstrate that the plain error in sentencing him under a mandatory sentencing guidelines scheme affected his substantial rights.

Second, Harris contends that the district court sentenced him in violation of the Sixth Amendment because the court applied a two-level enhancement under <u>U.S. Sentencing Guidelines Manual</u> ("USSG") § 2A6.1(b)(2) (2003), based upon the court's conclusion that Harris wrote at least five letters that contained threats against the victim or her family. Although Harris' Sixth Amendment contention was foreclosed by our precedent at the time of his sentencing, <u>Booker</u> has since "abrogated our previously settled law," rendering the error plain. <u>Hughes</u>, 401 F.3d at 548.  Third,

- 3 -

the error was prejudicial, in that Harris' forty-one month sentence was greater than the thirty-three month maximum authorized by the facts to which Harris pled guilty. Id. at 548-49.

To affirm Harris' sentence despite the error would seriously affect the fairness, integrity, or public reputation of these judicial proceedings. In the wake of Booker, the Guidelines are to be treated as advisory (rather than mandatory), and sentences that fall within the statutorily prescribed range are reviewable only for reasonableness. Id. at 546 (citing Booker, 543 U.S. at 244). The record before us does not indicate what sentence the court would have imposed on Harris had it exercised discretion under 18 U.S.C. § 3553(a) and treated the Guidelines as merely advisory. Although it is possible that Harris will receive the same sentence on remand, "[t]his possibility is not enough to dissuade us from noticing the error." Hughes, 401 F.3d at 556.

Finally, in his initial appeal, Harris contended that the district court clearly erred in denying his request for a downward sentencing adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1. Harris also requested a remand to the district court for a new sentencing hearing based on a violation of Brady v. Maryland, 373 U.S. 83 (1963).

A district court's determination as to the defendant's acceptance of responsibility is a factual question reviewed for clear error. United States v. Ruhe, 191 F.3d 376, 388 (4th Cir.

1999).  The burden is on the defendant to establish by a preponderance of the evidence that he is entitled to the adjustment.  United States v. Urrego-Linares, 879 F.2d 1234, 1238-39 (4th Cir. 1989).  A guilty plea does not automatically entitle a defendant to a reduction for acceptance of responsibility.  See USSG § 3E1.1, comment. (n.3).  A defendant may not be entitled to a sentencing adjustment for acceptance of responsibility if the defendant engages in conduct inconsistent with acceptance of responsibility.  Id.  Although Harris admitted that he sent a threatening communication to his wife, two witnesses testified that Harris made additional threats against his wife and others involved in his case even after he pled guilty.  Thus, the district court did not clearly err in concluding that Harris' conduct after he pled guilty was inconsistent with acceptance of responsibility.  Further, we find no Brady violation.

Accordingly, while we do not disturb Harris' conviction, we vacate Harris' sentence and remand for resentencing consistent with Booker and its progeny.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED